Law Library

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
2013 MAR 14 PM 1: 33
CLERK OF COURT

JOEL JOSEPH, D.V.M., )
                     )
        Petitioner,  )
                     )
vs.                  )
                     )
GUAM BOARD OF ALLIED HEALTH )
EXAMINERS,           )
                     )
        Respondent.  )
_____)

SPECIAL PROCEEDINGS
CASE NO. SP0001-13

DECISION AND ORDER

This matter came before the HONORABLE VERNON P. PEREZ on March 1, 2013. Attorney Mitchell F. Thompson represented Petitioner Dr. Joel Joseph (hereinafter "Petitioner") Attorney Benjamin M. Abrams represented Guam Board of Allied Health Examiners (hereinafter "the Board"). Having reviewed the pleadings and arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

This case stems from the revocation and non-renewal of Petitioner's license to practice veterinary medicine. Petitioner filed his Petition for Writ of Mandate on January 3, 2013. Respondent filed an Answer on January 17, 2013. Respondent also filed a Subpoena Duces Tecum, signed by the Clerk of Court, to appear and present documents on Petitioner on January 17, 2013. The date that Petitioner was ordered to appear with a substantial amount of documents was January 18, 2013. That hearing date was ultimately continued.

Petitioner filed an Objection to the Subpoena Duces Tecum on January 18, 2013. On the same day, Petitioner filed a Motion to Quash Subpoena Duces Tecum and For Sanctions. Respondent Opposed on February 7, 2013 and the Hearing on the Motion was held March 1, 2013. This Decision and Order only resolves the Petitioner's Motion to Quash.

# DISCUSSION

Rule 45(c)(3) of the Guam Rules of Civil Procedure provides:

> (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:
> (i) fails to allow reasonable time for compliance; or
> (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
> (iii) subjects a person to undue burden. (2010).

As to subsection (i), the Court agrees with Petitioner that there was a failure to allow reasonable time. Yet, the hearing that was originally scheduled for the day after the receipt of the subpoena was continued for at least a month and a half. Rule 45 allows the Court the option to quash or modify the subpoena if it fails for some reason. Thus, the Court will not require a new subpoena to be issued as there is now adequate time for compliance. The Court will order, however, that the current subpoena be modified pursuant to Rule 45(c)(3)(A) to give the Petitioner roughly a month to put together the requested material.

As to the undue burden argument, the Court disagrees with Petitioner. Respondent argues that only relevant materials to the non-compliance with Court and Board orders is being requested. The Court does not find that request to be unduly burdensome. Respondent requests documents such as:

> 1. All permits, and applications therefore, issued by the federal DEA and the Department of Public Health and Social Services to Dr. Joseph.
> 2. An inventory of all controlled substances now kept by Dr. Joseph or his clinic; and,
> 3. All records at Dr. Joseph's clinic indicating use, dispensing, distribution of prescription of controlled substances since May 2012 until the present date. *See* Motion to Quash.

The Court does not find this request for limited and particular documents to be overly burdensome. Therefore, the subpoena will not be quashed based on Rule 45(c)(3)(iii).

---

The Court also considered the privilege argument. The Court understands that doctors and their patients, even animals and their owners, have certain rights of privilege to the release of private information. While the Court desires to keep such information private, the Court also desires for a full understanding of the allegations by Respondent of Petitioner's potential contempt of Court order. The Court will allow Petitioner to submit any documents it feels to be privileged to the Court for an in camera review. If the Court deems such documents improper, it will request redaction or require elimination from use. This is not an opportunity for Petitioner to submit all documents for the Court's review. Only documents likely to involve privileged doctor-patient communications or personal and private patient information should be submitted for in camera review. The Court anticipates that relevant documents relating to applications for certificates of drug distribution and X-Ray Machine operation, previous certificates, evidence of usage after the date of the Court order, and similar documents will not be privileged.

Finally, Respondent argues that the subpoena is not meant to be a discovery tool. It is simply an attempt to see if Petitioner is complying with earlier Board and Court orders to desist from using certain drugs and the X-Ray machine until proper certification can be ascertained. The Court agrees with Respondent on this issue. The Court concludes that as long as the materials requested are limited to their relevance on the potential contempt of Court order, the subpoena will stand. While it may have been untimely, that issue has been resolved by the continuance. The Court will utilize all properly submitted evidence at a future hearing regarding Petitioner's alleged non-compliance. For now, the Court only considers the Motion to Quash.

The Court does agree with Petitioner that Rule 45(c)(2)(b) requires a Court order before documents must be presented after a proper objection. Thus, Petitioner will not be required to provide or present any documents, regardless of relevance without a Court order establishing the validity of the Subpoena Duces Tecum. The Court wishes that this Decision and Order act as an order overruling Petitioner's objection to the subpoena.

The Court does recognize that Respondent failed to follow proper procedures in its subpoena of Petitioner. However, the Court does not desire the duplication of effort where a subpoena is generally sufficient.[1] In the Court's discretion, it will not quash the subpoena as there is now ample time to prepare the documents requested, such a request is not unduly burdensome and most, if not all, of the information requested will not be privileged. The Court will also not order sanctions for the Respondent's untimely subpoena. The Subpoena Duces Tecum is hereby modified to provide ample time to allow Petitioner to comply.

## CONCLUSION

Petitioner's Motion to Quash Subpoena Duces Tecum is hereby DENIED. Petitioner's request for sanctions is also DENIED. The Parties will return for an evidentiary hearing on April 19, 2013 at 10:00a.m..

So **ORDERED** this _____ day of March, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

MAR 4 2013

Therese M. Blas
Deputy Clerk, Superior Court of Guam

---

[1] If the Court did quash the subpoena, it would simply recommend that the same subpoena be issued but with allowing more time for compliance. The Court wishes to resolve this case efficiently and will only order modification instead of entirely quashing the subpoena.

*Joseph v. Guam Board of Allied Health Examiners,*
Decision and Order
SP0001-13

4